UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | No. 1:13-cv-01935-JMS-DKL |
| $26,970.00 UNITED STATES CURRENCY, and ) | |
| $2,223.72 UNITED STATES CURRENCY, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| David L. Alexander, ) | |
| ) | |
| Claimant. ) | |

## ORDER

Presently pending before the Court is Claimant David Alexander's Motion to Dismiss Plaintiff United States' Complaint of Forfeiture In Rem. [Filing No. 12.] In his Motion to Dismiss, Mr. Alexander argues that the Government did not indict him and is consequently barred from seizing his property. [Filing No. 12 at 1.] He further contends that the Government cannot proceed with its action because it has not proven beyond a reasonable doubt that he violated either the Controlled Substance Act or the Indiana Code. [Filing No. 12 at 1.] For the following reasons, the Court **DENIES** Mr. Alexander's Motion to Dismiss. [Filing No. 12.]

**I.**
**STANDARD OF REVIEW**

Federal Rule of Civil Procedure 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting Fed. R. Civ. Pro. 8(a)(2)). "Specific facts are not necessary, the statement need only

1

'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007)).

A motion to dismiss asks whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). In reviewing the sufficiency of a complaint, the Court must accept all well-pled facts as true and draw all permissible inferences in favor of the plaintiff. *See Active Disposal, Inc. v. City of Darien*, 635 F.3d 883, 886 (7th Cir. 2011). The Court will not accept legal conclusions or conclusory allegations as sufficient to state a claim for relief. *See McCauley v. City of Chicago*, 671 F.3d 611, 617 (7th Cir. 2011). Factual allegations must plausibly state an entitlement to relief "to a degree that rises above the speculative level." *Munson v. Gaetz,* 673 F.3d 630, 633 (7th Cir. 2012). This plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

## II.
### BACKGROUND[1]

On April 26, 2013, the Monroe County Circuit Court issued a search warrant authorizing officers to search any safe-deposit boxes in Mr. Alexander's name at Old National Bank and to seize any monies and items related to the sale, use, or manufacture of controlled substances. [Filing No. 1 at 5.] The warrant was executed the same day, and officers seized $26,970.00 from Mr. Alexander's safe-deposit box at Old National. [Filing No. 1 at 5.]

On April 29, 2013, the Monroe County Circuit Court issued a search warrant authorizing officers to seize funds from any accounts held by Mr. Alexander at Old National Bank. [Filing

---

[1] Consistent with the applicable standard of review, the representations in this section are based on the well-pled allegations of the Government's Complaint. [Filing No. 1.] The Court makes no findings regarding these allegations.

No. 1 at 5.] Officers executed the warrant later that day and seized $2,223.72 from Mr. Alexander's account. [Filing No. 1 at 5-6.]

On May 15, 2013, the Monroe County Circuit Court ordered that the $26,970.00 seized from the safe-deposit box and the $2,223.72 seized from the bank account be turned over to the Drug Enforcement Administration ("DEA"). [Filing No. 1 at 6.] Mr. Alexander filed a claim with the DEA for the $26,970.00 and the $2,223.72.[2] [Filing No. 1 at 6.]

On December 6, 2013, the Government filed a Complaint of Forfeiture In Rem pursuant 21 U.S.C. § 881 regarding the $26,970.00 and $2,223.72 it has seized. [Filing No. 1.] On the same day, the Government notified Mr. Alexander and included instructions detailing the procedure for filing a verified claim. [Filing No. 7-1.]

On December 20, 2013, Mr. Alexander mailed a Verified Claim and Motion to Dismiss to the Government. [Filing No. 7-2.] The docket contains no record of it being filed with the Court. Upon realizing that Mr. Alexander did not file his Verified Claim and Motion to Dismiss with the Court, the Government moved for an extension of time to allow him an opportunity to file those documents with the Court. [Filing No. 7 at 2.] The Court granted the Government's extension request, allowing Mr. Alexander until February 18, 2014, to file a claim or other motion. [Filing No. 8.]

Mr. Alexander did not file anything until the Court received a letter on March 31, 2014. [Filing No. 9.] Mr. Alexander's letter did not contain a claim or a motion, but it informed the Court that he had not received correspondence from the Court since what he believed he had previously filed. [Filing No. 9.]

---

[2] Mr. Alexander's residence was searched on April 24, 2013, which resulted in officers seizing $5,900. [Filing No. 1 at 3.] The Monroe County Circuit Court ordered that money to be turned over to the DEA, but the Government alleges that Mr. Alexander did not file a claim for that money with the DEA. [Filing No. 1 at 6.]

3

On May 5, 2014, Mr. Alexander filed a Pro Se Notice of Appearance, [Filing No. 11], a Motion for Cause Status and Relief by Rule 55(c)/60(b), [Filing No. 10], and a Verified Claim and Motion to Dismiss In Rem Action, [Filing No. 12].[3]

Mr. Alexander's March 31 filing did not contain a claim or motion. [Filing No. 9.] Finally, on May 5, 2014, Mr. Alexander filed a notice of his appearance, [Filing No. 11], a Verified Claim and a Motion to Dismiss, [Filing No. 12], and a Motion for Cause Status and Relief by Rule 55(c)/60(b), [Filing No. 10]. The Court addresses the issues below.

### III.
#### DISCUSSION

Mr. Alexander argues that because the Government has not indicted him, it cannot seize his property. [Filing No. 12 at 1.] He also contends that because the Government has not proven beyond a reasonable doubt that he violated the Controlled Substances Act or the Indiana Code, the Government is barred from seizing his property. [Filing No. 12 at 1.] Mr. Alexander argues that the money at issue is not subject to the forfeiture statute because it was not furnished or intended to be furnished by Mr. Alexander in exchange for a controlled substance and could not be traceable as proceeds to such an exchange. [Filing No. 12 at 4.]

In response, the Government contends that Mr. Alexander applies the wrong standard in his motion to dismiss. [Filing No. 20 at 4.] It emphasizes that civil forfeiture proceedings are independent of criminal proceedings and do not require a criminal conviction of any particular claimant. [Filing No. 20 at 4.] It also points out that a civil forfeiture complaint cannot be dismissed because the Government does not have adequate evidence to establish forfeitability at

---

[3] The Court notes that the certificates of service on Mr. Alexander's appearance and verified claim/motion to dismiss are dated December 20, 2013. [Filing No. 12 at 5; Filing No. 11.] The date stamp on those documents indicates that the Court received them on May 5, 2014. [Filing No. 11; Filing No. 12 at 1.]

the time the complaint is filed. [Filing No. 20 at 4.] Finally, the Government argues that Mr. Alexander's motion is untimely because the Court extended his response deadline until February 18, 2014, and he did not file his motion until May 5, 2014. [Filing No. 20 at 5.]

### A. Timeliness of Motion

The Government's argument that Mr. Alexander's Motion to Dismiss is untimely is well taken. Mr. Alexander does not argue that he was not notified of the Government's forfeiture action.[4] Instead, it appears that what Mr. Alexander intended to file with the Court was, instead, only mailed to the Government. [Filing No. 7-2.] When the Government realized that, it moved for an extension of time to allow him an opportunity to file those documents with the Court. [Filing No. 7 at 2.] The Court granted the Government's extension request, allowing Mr. Alexander until February 18, 2014, to file a claim or other motion. [Filing No. 8.] That entry was mailed to Mr. Alexander's at his address in the Monroe County Jail and to his attorney. [Filing No. 8 at 2.] Despite the extension, however, Mr. Alexander did not file the pending motions until May 5, 2014. [Filing No. 10; Filing No. 12.]

Although Mr. Alexander's motion is untimely, the Court will still consider its merits. It is undisputed that Mr. Alexander mailed his motion to the Government in December 2013. [Filing No. 7-2.] Mr. Alexander filed a letter with the Court on March 31, 2014, representing that he had not received any correspondence since his filings.[5] [Filing No. 9.] Moreover, along with his motion to dismiss filed on May 5, 2014, Mr. Alexander filed a Motion for Cause Status,

---

[4] The Government sent notice via certified mail both to Mr. Alexander at the Monroe County Jail and to his counsel. [Filing No. 7-1.] Both letters were received by signature. [Filing No. 7-1 at 3-4.]

[5] Mr. Alexander's letter also references a motion requesting that counsel be appointed, [Filing No. 9 at 1], but there is no evidence that a motion of that nature was erroneously mailed only to the Government. Mr. Alexander has not filed such a motion with the Court, and he does not request counsel in his pending motions. [Filing No. 10; Filing No. 12.]

5

in which he represents that since being incarcerated at the Monroe County Jail he has had a difficult time receiving his mail.[6] [Filing No. 10 at 3.] For these reasons, the Court will consider the merits of Mr. Alexander's Motion to Dismiss, [Filing No. 12], even though it is untimely. Mr. Alexander should vigilantly attend to his mail to ensure that his filings are timely.

### B. Applicable Civil Forfeiture Law

Civil forfeiture proceedings are governed by 18 U.S.C. § 983. Civil forfeiture complaints are subject to a pleading standard described in Supplemental Admiralty and Maritime Claims Rule G, pursuant to the requirement in 18 U.S.C. § 983(a)(3)(A). That rule states, in relevant part:

> The complaint must: (a) be verified; (b) state the grounds for subject-matter jurisdiction, in rem jurisdiction over the defendant property, and venue; (c) describe the property with reasonable particularity; (d) if the property is tangible, state its location when any seizure occurred and—if different—its location when the action is filed; (e) identify the statute under which the forfeiture action is brought; and (f) state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial.

Fed. R. Civ. P., Supp. G(2).

"Civil forfeiture actions are independent of criminal proceedings." *United States v. $12,900 in U.S. Currency*, 803 F. Supp. 1459, 1465 (S.D. Ind. 1992) (citing *One Lot Emerald Cut Stones & One Ring v. U.S.*, 409 U.S. 232, 234-35 (1972)). The Government "is not required to show that the claimant was convicted of a crime related to the seized property," and "an acquittal or dismissal of criminal charges does not affect the Government's ability to pursue a civil forfeiture action, even if the civil forfeiture arises from the same activity." *Id.*; s*ee also U.S. v. One Assortment of 89 Firearms*, 465 U.S. 354, 361 (1984) ("an acquittal in a criminal trial

---

[6] In this filing, Mr. Alexander also requests that any default or final judgment be set aside so that he can have an opportunity to defend his claim. [Filing No. 10.] Because neither default judgment nor final judgment has been entered in this case, the Court denies that request as moot. [Filing No. 10.]

does not bar a civil action for forfeiture even though based on the identical facts"); *Sequoia Books, Inc. v. Ingemunson*, 901 F.2d 630, 640 (7th Cir. 1990) ("if a defendant is acquitted of a criminal charge, the principles of res judicata, collateral estoppel, and double jeopardy do not bar a separate, subsequent civil forfeiture action involving the same underlying facts").

### C. Decision

In his Motion to Dismiss, Mr. Alexander does not argue that the Government's forfeiture Complaint is insufficient to comply with the pleading standards set forth in Fed. R. Civ. P., Supp. G(2). Instead, Mr. Alexander contends that because the Government has not indicted him or proven beyond a reasonable doubt that he committed a criminal offense, it cannot seize his property. [Filing No. 12 at 1.] This is legally incorrect because civil forfeiture proceedings are independent of criminal proceedings. *See, e.g.*, *$12,900 in U.S. Currency*, 803 F. Supp. at 1465 (noting that "[c]ivil forfeiture actions are independent of criminal proceedings" and that the Government "is not required to show that the claimant was convicted of a crime related to the seized property") (citations omitted).

Likewise, to the extent that Mr. Alexander argues that the Government's allegations do not establish his guilt beyond a reasonable doubt, [Filing No. 12 at 1], the Court reminds Mr. Alexander that probable cause is the applicable standard in a civil forfeiture proceeding and that "the Government need not show probable cause until the forfeiture trial." *Id.* In fact, "[n]o complaint may be dismissed on the ground that the Government did not have adequate evidence at the time the complaint was filed to establish the forfeitability of the property." 18 U.S.C. § 983; *see also $12,900 in U.S. Currency*, 803 F. Supp. at 1465 ("In other words, the Government is entitled to supplement its evidence of probable cause between the filing of the complaint and the forfeiture trial.").

7

Mr. Alexander's remaining arguments are substantive challenges to the actual merits of the Government's civil forfeiture proceeding. [*See* Filing No. 12 at 4 (arguing that the money at issue is not subject to the forfeiture statute because it was not furnished or intended to be furnished by Mr. Alexander in exchange for a controlled substance and could not be traceable as proceeds to such an exchange).] But a motion to dismiss asks whether the well-pled allegations of the Complaint "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Mr. Alexander does not argue that the Government's Complaint fails to meet that standard. Accordingly, the Court denies Mr. Alexander's motion to dismiss.

### IV.
#### CONCLUSION

The Court **GRANTS IN PART** Mr. Alexander's Motion for Cause Status and Relief by Rule 55(c)/60(b) to the extent that the Clerk is directed to **INCLUDE** a copy of the docket sheet from this cause number when it mails this Order to Mr. Alexander. [Filing No. 10.] That motion is **DENIED AS MOOT** to the extent it requests relief from default judgment or final judgment because no judgment has been entered in this case. [Filing No. 10.] The Court **DENIES** Mr. Alexander's Motion to Dismiss, [Filing No. 12], for the reasons stated more fully herein. The Court requests that the Magistrate Judge conduct a case status conference to prepare this case for a merits disposition.

**Distribution via US Mail**:

David L. Alexander (D-4-2)
301 N. College Avenue
Bloomington, IN 47404

**Distributed to Counsel of Record Via CM/ECF**