UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 1:13-cv-01935-JMS-DKL |
| | ) | |
| $26,970.00 UNITED STATES CURRENCY, | ) | |
| $2,223.72 UNITED STATES CURRENCY, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |
| | ) | |
| DAVID L. ALEXANDER, | ) | |
| | ) | |
| Claimant. | ) | |
| | ) | |
| | ) | |
| | ) | |

## ORDER

Presently pending before the Court is Claimant David L. Alexander's Motion to Appoint

Counsel. [Filing No. 38.] Mr. Alexander requests representation in this civil forfeiture action

because he has been incarcerated in an underlying state criminal case since April 2013, is unable

to afford counsel, and lacks the training and experience to represent himself. [Filing No. 38.]

18 U.S.C. § 983(b)(1)(A) provides, in relevant part, that "[i]f a person with standing to

contest the forfeiture of property in a judicial civil forfeiture proceeding under a civil forfeiture

statute is financially unable to obtain representation by counsel, and the person is represented by

counsel appointed under section 3006A of this title in connection with a related criminal case, the

court may authorize counsel to represent that person with respect to the claim." The statute's use

of the word "authorize," as opposed to "appoint," is significant. "If Congress wished to give courts

the power to appoint new counsel in connection with forfeiture actions, it would have used the

word 'appoint,' as it has in other statutes providing for the appointment of counsel. Instead, Congress deliberately used the word 'authorize.'" *United States v. $500,000 in U.S. Currency, 271 F. Supp. 2d 1255, 1258 (S.D. Cal. 2003)* (citing 18 U.S.C. § 3006A). Thus, under the plain meaning of the civil forfeiture statute, "courts may expand the scope of a previously-appointed counsel's representation to include forfeiture proceedings. But courts do not have the authority to appoint separate counsel so that the defendant has one counsel in the criminal case and another in the forfeiture case." *Id.*

It does not appear that Mr. Alexander is facing federal criminal charges or that he is represented by counsel appointed under 18 U.S.C. § 3006A. Thus, the Court is without authority to authorize counsel to represent him pursuant to 18 U.S.C. § 983, and his Motion to Appoint Counsel is **DENIED**. [Filing No. 38.] Mr. Alexander may renew his request for the appointment of counsel if he can identify any other source of authority upon which the Court could act to grant his request.

Date: March 6, 2015

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via US Mail:**

DAVID L. ALEXANDER
D-4-2
301 N. College Ave.
Bloomington, IN 47404

**Electronic Distribution via CM/ECF:**

Debra G. Richards
UNITED STATES ATTORNEY'S OFFICE
debra.richards@usdoj.gov